**De Paz v 4221 Broadway Owner LLC**

2024 NY Slip Op 30931(U)

March 20, 2024

Supreme Court, New York County

Docket Number: Index No. 159720/2019

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LISA S. HEADLEY**                                                    PART _____ 28M _____

                                                             *Justice*

---------------------------------------------------------------------------X

JOSE DE PAZ,                                                          INDEX NO.   _____ 159720/2019 _____

                                     Plaintiff,

                          - v -                                          **DECISION AND ORDER**
                                                                        **AFTER INQUEST**
4221 BROADWAY OWNER LLC,TIERRA Y MAR
RESTAURANT INC.

                                     Defendant.

---------------------------------------------------------------------------X

In the Decision and Order issued by Justice David Cohen on November 2, 2020, the Court granted plaintiff Jose De Paz's ("plaintiff") motion for a default judgment against defendant Tierra Y Mar Restaurant Inc. ("Tierra Y Mar") on the issue of liability. (*NYSCEF Doc No 26*). In the Decision and Order issued by Justice David Cohen dated April 28, 2022, the Court granted defendant 4221 Broadway Owner LLC's ("4221 Broadway") motion for summary judgment, and dismissed the complaint against 4221 Broadway, only, and then directed that the claims against defendant 4221 Broadway be severed, and the balance of the action, as asserted against Tierra Y Mar to continue. (*NYSCEF Doc No 63*). Upon appeal, the decision dated April 28, 2022, was unanimously affirmed by the Appellate Division, First Department on February 23, 2023. (*NYSCEF Doc No 80*).

On July 25, 2023, this Court held an inquest for the assessment of plaintiff's damages as against the sole remaining defendant Tierra Y Mar. Based on the evidence submitted at the inquest, the Court determines that plaintiff is entitled to a judgment in his favor as against defendant Tierra Y Mar Restaurant, Inc. in the amount of $175,000.00, for past and future pain and suffering.

[* 1]

Plaintiff's counsel demonstrated that reasonable efforts were made to notify defendant Tierra Y Mar of the inquest date. Defendant Tierra Y Mar was served with the court's previous orders, including the order granting the default judgment and the court notified the defendant Tierra Y Mar of the scheduled inquest date.

Plaintiff was the sole witness to testify in-person at the inquest. Plaintiff introduced into evidence Plaintiff's Exhibit 1, the ambulance call report; Plaintiff's Exhibit 2, the emergency room records from Mount Sinai Hospital from the day of the incident on May 31, 2019, through June 1, 2019; Plaintiff's Exhibit 3, the PMNR evaluations from Mid-Atlantic Medical PC by Dr. Luba Karlin; and Plaintiff's Exhibit 4, physical therapy SOAP notes for Mr. De Paz.

Plaintiff testified that he is 83 years old. Plaintiff testified in sum and substance that on May 31, 2019, while walking on the sidewalk with his son, he fell down the basement stairs of the restaurant, Tierra Y Mar, which is located at 179th Street and Broadway in New York, N.Y., between 12:00 p.m. and 1:00 p.m. Plaintiff testified that just before he fell, he was showing his son pictures of food and said to his son "Look, I know you have not had this in Cuba, I came here in 1971, so now I'm going to buy this for you." Plaintiff further testified that at the moment he was about to move, he fell down the stairs and there was a hole which was about a foot and a half deep, and that there was no safety or indicators of any kind to alert him of the hole.

Plaintiff testified that when he fell onto the cement floor of the stairs, he struck the right side of his body. Plaintiff further testified that he fell down about 8 to 10 steps, and his whole body kept twisting as he was going down. Plaintiff testified that when he first landed at the bottom of the stairs, the first spot that was hit was his left shoulder. After the fall, plaintiff testified that his son and other people helped to lift him up, and then his son called the ambulance. Plaintiff testified that he was taken to Mount Sinai hospital for treatment because he was in too much pain

[* 2]

in his whole body. In addition, plaintiff testified that he was already 80 years old at the time of the accident.

The plaintiff further testified that he was taken to Mount Sinai hospital's emergency room where he stayed the entire night. Plaintiff testified that he complained of pain in his whole body, he could hardly speak and he was dizzy. The plaintiff testified that upon discharge from the emergency room, he was not experiencing so much pain because he was given medication to relax him. The plaintiff testified that he was given Ibuprofen for the pain, and he has been taking the Ibuprofen for four years because the pain has not subsided. He further testified that he went to therapy two days a week, where a heat pack and an electric "thing" was applied to his back.

Plaintiff also testified that while undergoing physical therapy, an orthopedic doctor spoke to him about doing surgery near his left shoulder. The plaintiff testified that he responded by saying he would speak to his general medical doctor, Dr. Juan Alba, who told him "You're too old. Don't go for surgery yet." Plaintiff also testified that Dr. Alba told him to "just do the best he could and take medication." Plaintiff further testified that Dr. Alba did not recommend him to do surgery.

When asked by counsel if he had ever injured his shoulder in any manner, plaintiff answered, "he had never experienced such a strong thing." When asked after this accident and to the current date how would you characterize the pain in your left shoulder, plaintiff answered, that he "sometimes cannot move his shoulder when he is going to shower and the home attendant needs to help him with showering. " He also testified that he feels pain in his shoulder and in his back and neck.

Plaintiff testified that he never had pain in his neck or his lower back prior to the accident. Plaintiff testified that it hurts sometimes when he moves his head, and for example, he is in pain when he watches television and turns his head. As to his lower back, the plaintiff testified that he

[* 3]

feels pain once in a while, and when he feels the pain, he takes a pill for pain, which provides him with relief.

The plaintiff testified that since the accident, the home attendant does everything for him, including, running all of the errands, and cleaning his home. The plaintiff also testified that ever since the accident, he uses a cane because he does not have good balance, and sometimes the home attendant has to hold his arm. The plaintiff further testified that he uses a sling for his left arm and the sling allows his arm to rest. Plaintiff testified that without the sling, his left arm would hurt more while he walks.

The plaintiff testified that prior to the accident, he would take a stroll on Broadway in his neighborhood and he would also visit Yankee Stadium. The plaintiff testified that after the accident, everything has changed because he does not feel well, and he is old and feels that his body is very tired. The plaintiff also testified that since the accident, he has not visited Yankee Stadium, he has not walked, nor taken a stroll in his neighborhood. Plaintiff testified that he spends most of the time at home.

In summation, plaintiff's counsel asked the court to consider Mr. De Paz's medical record and the plaintiff's testimony, with respect to past pain and suffering from the date of the accident, May 31, 2019, to present, July of 2023. Plaintiff asked the Court for an award of $150,000.00 to be issued against defendant Tierra Y Mar Restaurant, Inc. In addition, counsel asked that based upon plaintiff's current age of 83 at the time of the inquest, he should be awarded an additional $25,000.00 for future pain and suffering.

Based on the evidence presented and the testimony of the plaintiff, the Court finds that plaintiff's testimony was credible, and the plaintiff has demonstrated his entitlement to

[* 4]

$175,000.00 for past and future pain and suffering. It should be noted that the plaintiff did not make a claim for lost wages or economic losses.

As such, it is hereby

**ORDERED** that after the inquest held before the July 25, 2023, the Court awards plaintiff, Jose De Paz, $175,000.00 in damages as against defendant Tierra Y Mar Restaurant, Inc.; and it is further

**ORDERED** that the court directs the Clerk of the Court to enter judgment in favor of plaintiff, Jose De Paz, as against defendant Tierra Y Mar Restaurant, Inc., in the amount of $175,000.00.

This constitutes the Decision and Order of the Court after Inquest.

_____
3/20/2024
**DATE**

*Lisa S. Headley*

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

5 of 5

[* 5]